HENRY R. KING *vs.* JOHN S. PILLSBURY *et al.*

Argued May 4, 1892. Decided May 24, 1892.

**Evidence.**

> A recital of a fact in a power of attorney to convey land is not, as against a subsequent grantee from the grantor of the power, evidence to identify the land intended by the power with that subsequently granted.

Appeal by plaintiff Henry R. King from a judgment of the District Court of St. Louis county, *Stearns,* J., entered October 12, 1891, decreeing that plaintiff had no title to or interest in the west half of the southwest quarter of section fourteen (14) and the southeast quarter of the southeast quarter of section fifteen, (15,) T. 63, R. 11, in Lake county, Minnesota.

The United States granted this land to William Jones by patent dated September 6, 1890. His application to enter it was made at the local land office at Duluth on December 13, 1888. Jones resided at Benicia, California, and at that place on January 18, 1883, gave a power of attorney irrevocable to James A. Boggs of Duluth, Minnesota, to select, locate, and enter under U. S. Rev. Stat. § 2306, one hundred and twenty acres of the public land in addition to his original homestead of forty acres entered at Sioux Falls, S. Dak. It also authorized him to sell and convey the land thus entered, with or without covenants. The defendants claimed that under this power of attorney, Boggs made the entry for Jones. On December 14,

1888, Boggs as such attorney conveyed an undivided half of this land to defendant John S. Pillsbury, and one undivided fourth to the defendants Frank L. Murray and George C. Howe, and the remaining fourth to defendant Raymond W. Nichols, who afterwards conveyed one half of his interest to the remaining defendant Owen Fargusson. This power of attorney and all the deeds were duly recorded prior to January 1, 1890.

On September 30, 1890, Jones and wife quitclaimed this land to the plaintiff, who begun this action February 3, 1891, to quiet his title. The issues were tried before the Court without a jury, and on October 3, 1891, findings were filed and judgment ordered for defendants. The District Court held that U. S. Rev. Stat. § 2291, did not apply to entries under § 2306; citing *Rose* v. *Nevada & G. V. Wood & Lumber Co.*, 73 Cal. 385. See *Webster* v. *Luther, post*, p. ——.

*Spencer & Washburn*, for appellant.

The instrument given by Jones to Boggs is an attempt to effect a sale and purchase of what is called a soldier's additional homestead right, and to render such right available to Boggs, so that Boggs could enter and locate such land, and keep the proceeds for his own use and benefit, and so that Jones should no longer have any right to it. *Allen* v. *Merrill*, 8 Land Dec. 207–223; *Allen* v. *Merrill*, 12 Land Dec. 138; *Cook* v. *Lindsay*, 57 Texas, 57; *Brown* v. *Simpson's Heirs*, 67 Texas, 225.

Attempt is made by counsel to separate U. S. Rev. Stat. § 2306, and claim for it exemption from all the restrictions of the remaining sections of this or of the original homestead laws. This view of the statute is incorrect. The right is a personal one, cannot be transferred or assigned to another, or be the subject of traffic. Prior to the entry and final proofs and full compliance with all requirements there can be no alienation, and all attempts to transfer the same or render the same effectual for another's benefit are void, and no right can be acquired thereby. *Anderson* v. *Carkins*, 135 U. S. 483; *Warren* v. *Van Brunt*, 19 Wall. 646; *Huston* v. *Walker*, 47 Cal. 484.

It does not appear from the evidence in this case that this entry was an additional homestead. The receipt introduced by counsel

for the defendants shows the land to have been entered under section 2291. The patent does not purport to be granted upon an additional homestead right, but recites that the claim of William Jones has been established and consummated in conformity to law to the premises described, pursuant to the act of congress, approved May 20, 1862, to secure homesteads to actual settlers on the public domain, and acts supplementary thereto.

It does not appear that Boggs had any power or authority to convey these lands. No authority to make such conveyances was shown, other than by the so-called power of attorney. There is nothing to bring the land in question within its provisions and establish Mr. Boggs' power to convey it, because the only land to which the instrument applies is public land to be taken under the provisions of U. S. Rev. Stat. for additional homestead, and it does not appear that this land was so acquired.

*White, Reynolds & Schmidt; Wilson & Van Derlip; Gilfillan, Belden & Willard,* for respondents.

The power of attorney was at the time when plaintiff received his deed from Jones, recorded in the county where the land was situated, and is set out in the case. It recited that William Jones had entered forty acres of land as an original homestead under the United States laws in a Dakota land district. As this was recorded when plaintiff purchased, this statement is binding on him. Having entered one homestead Jones could enter no other land as a homestead except under the provision of section 2306. *Rose* v. *Nevada & G. V. Wood & Lumber Co.,* 73 Cal. 385.

The patent to plaintiff's grantor was issued under the provisions of U. S. Rev. Stat. § 2306. This section was a part of the Act of Congress passed April 4, 1872, and is entirely independent of other sections of the chapter among which it is placed. Unlike our code, the Revised Statutes of the United States are not to be read as one act. U. S. Rev. Stat. § 5596; *Gilbert* v. *Thompson,* 14 Minn. 544, (Gil. 414;) *Myers* v. *Croft,* 13 Wall. 291; *Mullen* v. *Wine,* 26 Fed. Rep. 206.

The recital in the power of attorney that Jones had an original homestead in Dakota is evidence against Jones. *Jefferson* v. *Mc-Carthy*, 44 Minn. 26.

The plaintiff claims the same land by deed from Jones subsequent to the making and record of the power. It is also evidence against him. *Crane* v. *Morris*, 6 Pet. 598.

GILFILLAN, C. J. Plaintiff claims under a deed executed by the patentee after the issuance of the patent under the homestead laws of the United States. Defendants claim under a prior deed executed in the name of such patentee by one assuming to act as his attorney. The defect in the defendant's title is that the evidence does not identify the land which the attorney assumed to convey with that which the power of attorney authorized him to convey. The power no way described the land than such as might be obtained by location and entry under U. S. Rev. Stat. § 2306, of one hundred and twenty acres, in addition to forty acres which the power recites the grantor had entered as an original homestead. Section 2306 gives to a discharged soldier or sailor, who had previously entered as a homestead less than one hundred and sixty acres, the right to enter enough to make up, with the quantity first entered by him, the one hundred and sixty acres. The power authorizes the conveyance of the land in this additional entry only, and, to connect it with the land the attorney assumed to convey, it must be shown that the latter was obtained by such additional entry. The patent does not show it. The most obvious way of showing it would perhaps be by showing that the grantor had at the time an existing original entry, in which case the second entry would, of course, be additional, or by showing that the second entry was allowed by the land department as additional. Neither of these was proved. The recital in the power of an original entry does not prove the fact as against plaintiff, who does not claim under it.

Judgment reversed, and new trial ordered.

(Opinion published 52 N. W. Rep. 131.)